IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARL JORDAN, # 168649, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv69-WHA |
| | ) | (WO) |
| JOSEPH WOMBLE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Carl Jordan ("Jordan") on February 2, 2016. Doc. # 1.[1]  Jordan challenges the life sentence he received upon his murder conviction in 1992 in the Montgomery County Circuit Court, arguing that the trial court failed to consider mitigating evidence before imposing his sentence. *Id.* at 5.  The respondents maintain that Jordan's petition is time-barred by the one-year federal limitation period for § 2254 petitions.  Doc. # 8 at 5–6; Doc. # 10 at 3.  After reviewing the pleadings and other submissions by the parties, the court concludes that no evidentiary hearing is required and that Jordan's petition should be denied as untimely.

---

[1] Document numbers ("Doc. #") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.

## II.   DISCUSSION

### AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.   Jordan's State Court Proceedings

In March 1992, a Montgomery County jury found Jordan guilty of reckless murder,

in violation of § 13A-6-2, Ala. Code 1975.  *See* Doc. # 8-9 at 1.  In July 1992, the trial

court sentenced Jordan to life in prison.  *Id*.  Jordan appealed, and on June 18, 1993, the Alabama Court of Criminal Appeals affirmed his conviction and sentence in a published opinion.  *Id*.; *see Jordan v. State*, 629 So. 2d 738 (Ala. Crim. App. 1993).  Jordan's application for rehearing was overruled on August 13, 1993.  He then filed a petition for writ of certiorari in the Alabama Supreme Court, which was denied on December 3, 1993. He subsequently filed a petition for writ of certiorari in the United States Supreme Court, which was denied on May 23, 1994.  *See Jordan v. Alabama*, 511 U.S. 1112 (1994).

Over twenty years later, on May 19, 2015, Jordan filed a petition in the trial court seeking relief from his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure.  *See* Doc. # 8-10 at 7–13.  The trial court denied the Rule 32 petition, and Jordan appealed.  In September 2015, the Alabama Court of Criminal Appeals affirmed the trial court's judgment.  Doc. # 8-13.  In December 2015, the Alabama Supreme Court denied Jordan's petition for writ of certiorari.  Doc. # 8-17.

**B.    Analysis of the Timeliness of Jordan's § 2254 Petition**

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  Here, during direct review, Jordan filed a petition for writ of certiorari in the Alabama Supreme Court, and after that petition was denied, he filed a petition for writ of certiorari in the United States Supreme Court.  The United States Supreme Court denied Jordan's petition for writ of certiorari on May 23, 1994.  For

3

purposes of § 2244(d)(1)(A), then, Jordan's direct review concluded, and his conviction became final, on May 23, 1994. *See San Martin v. McNeil*, 633 F.3d 1257, 1265–66 (11th Cir. 2011) (direct review of a state judgment of conviction concludes on the date of the U.S. Supreme Court's denial of a petition for writ of certiorari).

The AEDPA became effective on April 24, 1996. *See Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir.1998). The Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Jordan], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox*, 158 F.3d at 1211. Thus, the Eleventh Circuit adopted a "grace period" for petitioners whose convictions became final prior to enactment of AEDPA, which allows such persons a reasonable time of "one year from the AEDPA's effective date"—i.e., until April 24, 1997—to file a federal habeas petition. *Id*. Because Jordan's conviction became final before enactment of AEDPA, he had until no later than April 24, 1997—absent any statutory or equitable tolling—to file a § 2254 petition in this court.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Jordan filed no state post-conviction petitions challenging his conviction between April 24, 1996, when the one-year "grace" period began to run, and April 24,

1997, when the limitation period expired after running unabated for one year.  Although Jordan filed a Rule 32 petition in the trial court in May 2015, that filing and any related proceedings that followed had no tolling effect on the federal limitation period under § 2244(d)(2), because the limitation period had expired long before the Rule 32 petition was filed.  "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).  "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Jordan such that AEDPA's limitation period commenced on some date later than April 24, 1996, or expired on some date later than April 24, 1997.  There is no evidence that an unlawful state action impeded Jordan from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Jordan submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D).  Jordan also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).

Jordan filed his § 2254 petition with this court on February 2, 2016—over nineteen years after the federal limitation period expired.  In rare circumstances, the federal limitation period may be equitably tolled on grounds besides those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland v. Florida.*, 560 U.S. 631, 649 (2010).  *See also Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  The

burden of establishing entitlement to equitable tolling rests with the petitioner.  *Hollinger*

*v. Sec'y Dep't of Corrs*., 334 F. App'x 302, 306 (11th Cir. 2009).  Jordan makes no

argument and brings forth no evidence demonstrating that he is entitled to equitable tolling,

and the court knows of no reason that would support tolling of the limitation period in this

case.

     Jordan argues that his claim is not subject to the federal limitation period and must

be considered by this court because he is challenging the legality of his state sentence and

essentially presenting a jurisdictional claim that can be heard at any time.  Doc. # 12 at 2.

If this court were an Alabama state court, and if Jordan's claim indeed impugned the trial

court's jurisdiction, his argument might have some force.  *See, e.g., McNeal v. State*, 43

So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a

state Rule 32 proceeding was not barred by the statute of limitations in Ala.R.Crim.P.

32.2(c), because if a sentence is illegal it exceeds the jurisdiction of the trial court).

However, there is no such exception to the limitation period in § 2244(d) for claims alleging

lack of jurisdiction by the state trial court.  *See, e.g., Pope v. Butler*, 2012 WL 4479263, at

*1 (N.D. Ala. Sep. 24, 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D.

Ala. 2012) ("While Pope argues that his claim challenging the validity of his conviction

and sentence presents a 'jurisdictional' claim that is not governed by the one-year

limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address.  [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default .").

For the reasons set forth above, Jordan's § 2254 petition is time-barred and his claims are not subject to further review.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period, *see* 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before December 18, 2017.  Any objections filed

must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

Done this 4th day of December, 2017.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

8